UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEJUAN MCCOY,

       Plaintiff,

v.                                                                                   Case No. 05-CV-74088-DT

DETROIT POLICE OFFICER HOWARD
SWEENY,

       Defendant.
                                                                  /

**ORDER REMANDING CASE TO WAYNE COUNTY CIRCUIT COURT**

On July 17, 2005, Plaintiff Dejuan McCoy initiated this action against Defendant Detroit Police Officer Howard Sweeny in Wayne County Circuit Court. On October 25, 2005, Defendant filed a "Notice of Removal," alleging subject matter jurisdiction based on 42 U.S.C. § 1983 and 28 U.S.C. § 1331. On November 2, 2005, the court ordered Defendant to show cause why the case should not be remanded for failure to remove within 30 days of service. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."). Defendant timely responded on November 4, 2005, acknowledging that removal was indeed improper and that remand is therefore appropriate. *See City of Albion v. Guaranty Nat. Ins. Co.,* 35 F. Supp. 2d 542, 544 (W.D. Mich. 1998) ("Although not jurisdictional, the thirty-day period for removal is mandatory and must be strictly applied.").

dockets.Justia.com

Also on November 4, 2005, Plaintiff Dejuan McCoy filed a "Motion to Remand." The motion indicates that concurrence was sought but "not received." (*See* Mot. at ¶ 7.) The court notes that it is unlikely that Defendant Sweeny would not concur in the relief requested in the "Motion to Remand," given that on the same day that the motion was filed, Defendant filed his response to the show cause order, expressly stating that he had "no objection" to a remand. (*See* Resp. at ¶ 5.) The failure to obtain concurrence is more likely a result of a miscommunication between counsel. In any event, it is clear that Defendant now consents to a remand of this action. Accordingly,

IT IS ORDERED that Plaintiff's "Motion to Remand" [Dkt. # 4] is GRANTED and this action is REMANDED to Wayne County Circuit Court.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: November 9, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 9, 2005, by electronic and/or ordinary mail.

 S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Even Orders\05-74088.MCCOY.30days.Remand.wpd

2